Argued and submitted December 16, 1991, affirmed August 5, 1992

Phyllis STEWART,
Donald Skaife and Anna Lucille Skaife,
*Respondents,*

*v.*

Warren Edward KING,
*Appellant.*

(89C-10559; CA A68640)

836 P2d 151

Michael Duane Brown, Salem, argued the cause for appellant. With him on the briefs was Churchill, Leonard, Brown & Donaldson, Salem.

J. Michael Alexander, Salem, argued the cause for respondents. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

### DEITS, J.

Defendant appeals a summary judgment for plaintiffs in this action for damages for breach of a sharecrop agreement. We affirm.

Plaintiffs and defendant each owned an undivided one-third interest in farm property. Plaintiffs had a sharecrop agreement with defendant, allowing him to farm the property as a tenant and to retain two-thirds of the proceeds of the crops. The remaining one-third was divided among the three parties as the owner's share. The agreement expired in 1984, and defendant continued to farm the property against plaintiffs' wishes. The parties became involved in legal proceedings concerning whether defendant could recover money from plaintiffs for expenses incurred in farming the land. In that action, the trial court held that plaintiffs were not responsible for defendant's farming expenses and that, after the lease expired, defendant had become a year-to-year tenant.

As a result of the parties' continuing disputes, in 1985, plaintiffs brought a partition suit seeking a physical division of the property. The trial court ordered a public sale of the property under ORS 105.280 and issued a stipulated order for a sheriff's sale.[1] The order and notice of sale provided in part:

"6. It is further ordered that if one or more of the existing co-owners is the successful bidder, then only the interest(s) of the other co-owner(s) is actually being sold. If a third party is the successful bidder, then all the co-owners' interests are being sold.

"7. [T]he sale of the above described real property shall be subject to * * * the rights to harvest and remove the

---

[1] ORS 105.280 provides:

"All sales of real property made by the referees shall be made by public auction to the highest bidder in the manner required for the sale of real property on execution. The notice shall state the terms of sale. If the property or any part of it is to be sold subject to a prior estate, charge or lien, that fact shall be stated in the notice."

existing crops pursuant to ORS 91.230[2] regarding emblements, which said rights remain with Plaintiffs or Defendants or current tenant; as the Court shall later determine, without any rights of redemption."

Plaintiffs were the successful bidders. The sheriff's deed transferring the property to them recited that plaintiffs received

"all of the right, title and interest which the Defendants Margaret Lucille King and Warren Edward King had on the 31st day of May, 1988, or at any times afterwards, or now have in or to all of the following real property."

After the deed was delivered, defendant harvested the crops. He retained two-thirds of the proceeds as his tenant's share and also retained another one-ninth as his owner's share. Plaintiffs brought this action for a breach of the sharecrop agreement. They moved for partial summary judgment on the issue of liability, and defendant filed a cross motion. The trial court granted plaintiffs' motion and denied defendant's. Plaintiffs then moved for summary judgment on the issue of damages. Without admitting liability, defendant stipulated to the maximum amount of damages that plaintiffs could recover, and plaintiffs sought a summary judgment for that amount, which the trial court granted.

Defendant first argues that the trial court erred in granting plaintiffs' motion for summary judgment on the issue of liability and denying his motion. We review the record on a summary judgment motion in the light most favorable to the party opposing the motion to determine whether the prevailing party was entitled to judgment as a matter of law. *Seeborg v. General Motors Corp.*, 284 Or 695, 699, 588 P2d 1100 (1978). Defendant argues, relying on the language of the stipulated order, that he is entitled to judgment as a matter of law. He asserts, alternatively, that there are disputed issues of fact and that summary judgment is not appropriate.

---

[2] ORS 91.230 provides:

"When the leasing or occupation is for the purpose of farming or agriculture, the tenant or person in possession shall, after the termination of the lease or occupancy, have free access to the premises to cultivate and harvest or gather any crop or produce of the soil planted or sown by the tenant or person in possession before the service of notice to quit."

■ We conclude that plaintiffs are entitled to judgment as a matter of law. As a general rule, a transfer of real property includes the transferor's interest in growing crops on the land. *See Falk v. Amsberry*, 53 Or App 735, 739, 633 P2d 799 (1981). The transferor, however, may retain an interest in the crops if there is specific language in the conveyance reserving that interest. 53 Or App at 739. Here, the sheriff's deed contains no reservation. Further, paragraph 6 of the court's order provides that "all the co-owners' interests are being sold." At the time of the stipulation, those interests included ownership of the growing crops. Nothing in paragraph 6 excepts those interests from the transfer.

Defendant argues that the owner's interest in the growing crops was reserved from the sale by the language of paragraph 7 of the order. However, that paragraph refers only to the right to harvest and remove the existing crop under ORS 91.230. The statute does not govern ownership rights in the crop once it is removed, nor is there any other language in paragraph 7 that relates to who owns the crop or its proceeds once it is removed.

■ We conclude that the transfer of ownership rights by the sheriff's sale transferred the parties' ownership rights in the growing crops and that, as the successful bidders at the sale, plaintiffs acquired those rights, including defendant's one-ninth interest in the growing crops. The trial court properly granted plaintiffs' motion for partial summary judgment on the issue of liability.

■ Defendant also assigns as error the trial court's order allowing plaintiffs' motion for summary judgment on the issue of damages. The trial court accepted plaintiffs' figure of $10,939.99 plus interest as the amount that defendant owed for his one-ninth owner's share of the crop. Defendant argues that plaintiffs' recovery is limited by ORS 23.590[3] to only a *pro rata* share of his total owner's share for the year, because

---

[3] ORS 23.590 provides:

"The purchaser, from the day of sale until a resale or a redemption, and a redemptioner from the day of redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same is in the possession of a tenant holding under an unexpired lease, and in such case, shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the same period."

the year-to-year tenancy ran from September 1, and plaintiffs' full ownership of the property did not begin until May 31. However, ORS 23.590 is not applicable here. It concerns a purchaser's or redemptor's right to receive rents from a tenant. This dispute concerns the ownership of crops harvested on the property.

The trial court properly granted summary judgment for plaintiffs on both liability and damages.

Affirmed.